UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES LESLIE PRESTON,

        Petitioner,

v.                                            Case Number 16-cv-14133
                                              Honorable Thomas L. Ludington

SHIRLEY HARRY,

        Respondent.
_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

On November 21, 2016, Michigan prisoner James Leslie Preston commenced this action by filing a *pro se* habeas corpus petition challenging his St. Clair County conviction for first-degree murder, Mich. Comp. Laws § 750.316. Petitioner has also been convicted of attempted murder, Mich. Comp. Laws § 750.91, and conspiracy to commit murder, Mich. Comp. Laws § 750.157a; Mich. Comp. Laws § 750.316(1)(a). *See People v. Preston*, No. 306473, 2013 WL 375900, at *1 (Mich. Ct. App. Jan. 31, 2013). He is serving a life sentence without the possibility of parole for the murder conviction. *See id.*, at *4.

On appeal from his convictions, Petitioner argued that (1) his trial attorney was ineffective for failing to (a) retain an expert witness in forensic psychiatry who was also a neurologist and (b) pursue an insanity defense; (2) his attorney was ineffective for failing to request a jury instruction on duress; and (3) he was entitled to re-sentencing because the trial court did not have substantial and compelling reasons for its departure from the guidelines on the attempted-murder count. The Michigan Court of Appeals disagreed with Petitioner and affirmed

his convictions. *See id.*, at *1 and *4. On June 25, 2013, the Michigan Supreme Court denied leave to appeal. *See People v. Preston*, 832 N.W.2d 207 (Mich. 2013).

In his subsequent habeas corpus petition filed in this Court on November 21, 2016, Petitioner claimed that he was being held illegally on a charge of first-degree murder, that he should be re-sentenced as if he had committed involuntary manslaughter, and that his sentence should be reduced to time served on a minimum sentence of five years. On January 23, 2017, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed without prejudice for failure to exhaust state remedies for his current claims, as required by 28 U.S.C. § 2254(b)(1). ECF No. 3. The Court warned Petitioner that a failure to comply with the Court's order by February 23, 2017, could result in the dismissal of his habeas petition.

Petitioner has not replied to the Court's order, requested an extension of time to file a reply, or contacted the Court. The Court concludes from Petitioner's lack of a response to the Court's order that he is not interested in pursuing his claims.

Accordingly, it is **ORDERED** that the habeas petition is **DISMISSED without prejudice** for lack of prosecution and for failure to comply with the Court's previous order in this case. Fed. R. Civ. P. 41(b); LR 41.2; *Link v. Wabash R. Co.*, 370 U.S. 626, 629-33 (1962).

Dated: March 28, 2017            s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 28, 2017.

                                        s/Michael A. Sian
                                        MICHAEL A. SIAN, Case Manager